UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK D. BERRY and PETER McCRAY,

        Plaintiff,

vs.                                  Case No.  2:06-cv-161-FtM-99DNF

VERNON L. KEEN, et. al.,

        Defendants.
_____

### ORDER

This matter comes before the Court upon periodic review of the file.  Plaintiffs, who are prisoners currently incarcerated in DeSoto County Jail, initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) on March 31, 2006.  As of the date of this Order, Plaintiffs failed to pay the requisite filing fee or request to proceed *in forma pauperis.*  Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida provides that "a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application [to proceed *in forma pauperis*] is not filed within 30 days of the commencement of the action."   The Court finds that this case is due to be dismissed pursuant to Local Rule 1.03(e).  See also 28 U.S.C. §§ 1914(a), 1915(a)(1).

Additionally, the Court finds that there are also a number of other deficiencies with the complaint: the Complaint is not signed; Plaintiffs have not attached copies of the grievance forms that they

submitted to evidence that they have exhausted their administrative remedies with respect to any of the alleged violations; the complaint complains of numerous unrelated claims that are general to all inmates at DeSoto County Jail; neither Plaintiff has alleged any damages (how he was harmed or injured by the actions and/or omissions of the Defendants); Plaintiffs fail to identify which, if any, of the named Defendants committed which of the alleged constitutional violations.

In particular, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Here, Plaintiffs generally complain of various unrelated constitutional deprivations that are experienced by every inmate at DeSoto County Jail.  Consequently, the Court will dismiss this action <u>without</u> <u>prejudice</u> as to each Plaintiff.  To the extent that either Plaintiffs wishes to pursue an action for an alleged constitutional deprivation, that Plaintiff must file a new individual civil rights complaint and allege sufficient facts pertaining to his individual claim.

ACCORDINGLY, it is

**ORDERED**:

1.   This case is **DISMISSED** without prejudice.

2.   The **Clerk of the Court** shall 1) enter judgment dismissing this case without prejudice; 2) terminate any outstanding motions; and 3) close this case.

3.   If either Plaintiff elects to re-file a claim they must file it in separate action and must pay the filing fee ($350.00) or file a request to proceed *in forma pauperis* within thirty days of the commencement of their respective action.  Plaintiffs should not place this case number on the forms.  The Clerk will assign a separate case number if either or both Plaintiffs elects to re-file a claim.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

SA:  hmk